People v Sanchez

2026 NY Slip Op 03238

May 21, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Alexis Sanchez, Defendant-Appellant.

Decided and Entered: May 21, 2026

Ind No. 73563/23|Appeal No. 6694|Case No. 2024-06763|

Before: Moulton, J.P., González, O'Neill Levy, Chan, Hagler, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.

Darcel D. Clark, District Attorney, Bronx (John Cheever of counsel), for respondent.

[*1]

Judgment, Supreme Court, Bronx County (Tara A. Collins, J.), rendered November 7, 2024, convicting defendant, upon his plea of guilty, of attempted robbery in the second degree, and sentencing him to a term of five years of probation, unanimously modified, on the law, to the extent of striking the probation conditions requiring him to pay the mandatory surcharge and fees imposed at sentencing, and requiring that he consent to a search by a probation officer of his person, vehicle, or place of abode for illegal drugs, drug paraphernalia, firearms, or other weapons or contraband, and otherwise affirmed.

Defendant validly waived his right of appeal (see People v Thomas, 34 NY3d 545, 567 [2019], cert denied 589 US 1302 [2020]). The record does not support defendant's contention that he was misled as to the right to counsel on appeal (see People v Jackson, 244 AD3d 547, 548 [1st Dept 2025]). Defendant's valid waiver forecloses review of his excessive sentence claim. In any event, we perceive no basis to reduce the sentence.

Defendant's waiver of his right of appeal forecloses his as-applied constitutional challenges to probation condition 7, which requires that he that he "[a]void injurious or vicious habits," to "refrain from frequenting unlawful or disreputable places," and not to "consort with disreputable people" (see People v Lombard, 241 AD3d 1126, 1126 [1st Dept 2025]). To the extent that he asserts facial constitutional challenges to condition 7, his claims survive his appeal waiver (see People v Johnson, — NY3d —, 2025 NY Slip Op 06528, *2 [2025]). However, his constitutional challenges are unpreserved because he did not raise them before the trial court (see People v Cabrera, 41 NY3d 35, 42-51 [2023]), and we decline to reach them in the interest of justice.

Defendant's non-constitutional challenges to his probation conditions are not waived by his valid appeal waiver and do not require preservation (see People v Sanders, 244 AD3d 601, 601 [1st Dept 2025]; People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2025]). However, the court providently exercised its discretion in deeming condition 7 "reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so" (Penal Law § 65.10[1]) given defendant's commission of an attempted robbery with several others (see People v Casillas, 245 AD3d 525, 526 [1st Dept 2026]).

The special probation condition permitting warrantless searches of defendant's home, person, and vehicle was not reasonably related to defendant's rehabilitation "since the crime of which defendant was convicted did not involve weapons or drugs" (People v Amparo, 234 AD3d 605, 606 [1st Dept 2025]). The condition of probation requiring that defendant pay the mandatory surcharge and court fees should also be stricken (see People v Percy, 234 AD3d 619, 620 [1st Dept 2025]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

[*2]

ENTERED: May 21, 2026